ELIZABETH T. MUSICK
Musick Law Firm, PLLC
P.O. Box 726
Bozeman, MT 59771
elizabeth@mtlawpllc.com
Telephone: (406)579-9481

PAUL GALLARDO
Flaherty Gallardo Lawyers
1026 1ST Ave. S.,
P.O. Box 1968
Great Falls, Montana 59403
Telephone: (406) 727-8494
Facsimile: (406) 727-8537
paul@greatfallsfirm.com

Co-Counsel for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

********

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cause No. CR-23-80-GF-BMM |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **DEFENDANT'S** |
| DOUGLAS DARREN MALATARE, | ) | **SUPPLEMENTAL BRIEFING** |
| | ) | **RE: HEARSAY TEXT** |
| Defendant. | ) | **MESSAGES** |
| | ) | |
| | ) | |

COMES NOW, the Defendant, DOUGLAS DARREN MALATARE, by and through his attorneys of record, Elizabeth T. Musick and Paul Gallardo, and hereby

respectfully requests that the Court exclude hearsay statements of S.W. comprised of text message communications between S.W. and the Defendant because they do not fall under an exception to the rules against hearsay under Rule 804, F.R.Evid.

**BRIEF IN SUPPORT**

The Government contends that text message statements of the decedent, S.W. should be admissible under Rule 804(b)(3) as statements against penal interest. To qualify for this exception, "the declarant's statements must, *in a real and tangible way*, subject him to criminal liability." *United States v. Davis*, No. 22-50058, 2024 WL 222271, at *1 (9th Cir. Jan. 22, 2024) quoting *United States v. Hoyos*, 573 F.2d 1111, 1115 (9th Cir. 1978) (emphasis added). The text message exchange between S.W. and Mr. Malatare is as follows:

| | |
|---|---|
| S.W.: | I got a job with housing, on day 4 now. Cleaning remodeled houses. |
| Malatare: | Cool |
| S.W.: | Did you make it home? |
| Malatare: | About 3.5 hour's |
| S.W.: | I went through another dental surgery yesterday in Kalispell. By big face is sure sore. They gave me Tab 5 but they don't work very long. Text me when you get home. |
| Malatare: | Ok |
| S.W.: | Are you home |
| Malatare: | Taking shit just now lol |
| S.W.: | What name are you giving our baby? |
| Malatare: | Catch up with you lil bit bro, you looking |
| S.W.: | Yeah I'll be home. Just got off work. I can only afford a half if you can stop by. |
| Malatare: | Watch for me |

S.W.: Ok

None of S.W.'s statements subject him to criminal liability, and thus, they should be excluded by the Court. In the first message sent by S.W., he informs Mr. Malatare of his new job. This is not a statement against interest. The second statement made by S.W. is a question posed to Mr. Malatare asking him if he is home. This is not a statement against interest. The third statement made by S.W. details the dental surgery through which S.W. just underwent. This is not a statement against interest. The fourth statement made by S.W. is a question posed to Mr. Malatare, once again asking him if he is home. This is not a statement against interest. The fifth statement made by S.W. is a joke regarding Mr. Malatare's bowel movements. This is not a statement against interest.

In the sixth statement made by S.W., S.W. states that he will be home, he just got off work, and he "can only afford a half if you can stop by." This too is not a statement against interest. The statement is not incriminating on its face, and it would not subject S.W. to criminal liability in any way. The parties never discuss drugs, nor do they discuss to what "a half" refers.

"A half" in both the criminal and non-criminal context could be anything. "A half" could be half of a sandwich. "A half" could be half of a gallon of milk. Turning to the criminal context, "a half" could refer to a half an ounce of marijuana. "A half" could refer to half a gram of methamphetamine. Finally, what the

Government would have the Court believe is that “a half” refers to a half of a fentanyl pill.

However, S.W.’s entire phone records were produced in Discovery, and in 336 pages of phone records, S.W. never refers to fentanyl, or any other drug for that matter. Further, there are no references to “fettys” or “blues” or any of the commonly known street slang nicknames for fentanyl. Therefore, for S.W.’s statement to be considered to subject him to criminal liability, the Court would be required to read something additional into the hearsay statement which is not actually present.

At its core, the rule against using hearsay evidence is to prevent secondhand statements from getting admitted into evidence, given their potential unreliability. Here, we have an unreliable statement made by the decedent, S.W., which the Government seeks to introduce against Mr. Malatare to prove that S.W. intended to purchase half of a fentanyl pill from him. There is no other corroborating information in the remainder of S.W.’s statements in his phone records which confirms that the Government’s interpretation of “a half” actually means “a half a fentanyl pill.” For these reasons, the statement lacks sufficient reliability, and it should be excluded by the Court.

//

//

DATED this 17th day of September, 2024.

DOUGLAS DARREN MALATARE

By: /s/ Elizabeth T. Musick
ELIZABETH T. MUSICK
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2024, a copy of the foregoing document was serviced on the following persons by the following means:

1, 2 CM-ECF

3 Hand Delivery

__________ Mail

__________ Overnight Delivery Service

__________ Fax

__________ E-Mail

1. CLERK, UNITED STATES DISTRICT COURT

2. JEFFREY K. STARNES/KALAH PAISLEY
Assistant U.S. Attorney
*Counsel for Plaintiff*

3. DOUGLAS DARREN MALATARE
c/o Elizabeth T. Musick
*Defendant*

/s/ Elizabeth T. Musick
ELIZABETH T. MUSICK