**KALAH A. PAISLEY**
**JEFFREY K. STARNES**
**Assistant U.S. Attorneys**
**U.S. Attorney's Office**
**P.O. Box 3447**
**Great Falls, MT 59403**
**119 First Ave. North, #300**
**Great Falls, MT 59401**
**Phone: (406) 761-7715**
**FAX: (406) 453-9973**
**Email: kalah.paisley@usdoj.gov**
**jeff.starnes@usdoj.gov**

**ATTORNEYS FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**DOUGLAS DARREN MALATARE,**<br><br>**Defendant.** | **CR 24-80-GF-BMM**<br><br><br>**POINT BRIEF** |

## INTRODUCTION

At issue are two exhibits which contain text messages that the defendant exchanged with third parties who are not witnesses at trial. Defense is seeking to

exclude these text messages as impermissible hearsay.

Exhibit 6 is a text message exchange between the defendant and the victim in this case, John Doe. The relevant text message exchange begins with the defendant asking the victim if he is looking and the victim responding that he can only afford half a pill. While both the defendant and the victim couch their language in drug slang, together the texts show that the victim wanted to purchase half a pill from the defendant, and the defendant agreed to bring it to him.

Exhibit 27 is a text message exchange between the defendant and one of his drug suppliers, Adam Fixel. These text messages include the discussing of prices for fentanyl and the delivery of the fentanyl to the defendant in Browning. The text messages include both the negotiating for future sales as well as discussions of past exchanges.

Both John Doe and Adam Fixel[1] are deceased and are unavailable pursuant to Fed. R. Evid. 804(a)(4).

## ARGUMENT

The defendant does not contest that he made the statements in his portion of the text messages or challenge their admissibility as admissions of a party

1 Adam Joshua Fixel died on August 28, 2024, in Spokane Valley, WA.

opponent under Fed. R. Evid. 801(d)(2)(A).[2] What the defendant challenges as inadmissible are the corresponding messages from John Doe and Adam Fixel. Because these statements fall within clearly established a hearsay exception, the text messages are admissible as substantive evidence and should be admitted.

In support of their argument that the messages are inadmissible the defendant cites to *United States v. Davis*, 2024WL222271 (9th Cir. 2024). In Davis, the Ninth Circuit found that the district court abused its discretion when it admitted hearsay text messages from a victim to the defendant under Fed. R. Evid. 801(d)(2)(a). Davis, at 1.

On appeal, the government asked the Court to affirm on two alternative theories not articulated at the district court level: that they were statements against penal interest, admissible under 804(b)(3) and alternatively, that the victim's messages were not being offered for the truth of their truth but rather to provide "context" for Davis's texts. The Court rejected both bases.

Fed. Rule of Evid. 804(b)(3) provides that a statement against the declarant's proprietary or pecuniary interest or had so great a tendency to expose the declarant

2 *See e.g., United States v. Workinger*, 90 F.3d 1409, 1415 (9th Cir. 1996) (noting the defendant's "statements in the transcript were admissions of a party-opponent"). Also, statements made by the defendant in documents are also admissible under Rule 801(d)(2)(A). *See, e.g., United States v. Pang*, 362 F.3d 1187, 1193 (9th Cir.) ("When offered against Pang, Pang's invoices were admissions, and therefore non-hearsay as defined by Rule 801(d)(2)."), *cert. denied*, 125 S. Ct. 372 (2004); *United States v. Johnson*, 28 F.3d 1487, 1498-99 (8th Cir.) (Western Union money transfers portions completed by defendants properly admitted), *cert. denied*, 513 U.S. 1098 (1995).

to criminal liability. To get a statement against penal interest into evidence under 804(b)(3), the government must show that: (1) the declarant is unavailable as a witness; (2) the statement so far tended to subject the declarant to criminal liability that a reasonable person in the declarant's position would not have made the statement unless he believed it to be true; and (3) corroborating circumstances clearly indicate the trustworthiness of the statement. *United States v. Paguio*, 114 F.3d 928, 932 (9th Cir. 1997). The declarant's statements must, in a real and tangible way, subject him to criminal liability. *United States v. Hoyos*, 573 F,2d 1111, 1115 (9th Cir. 1978).

The Court in Davis found that only two of the 27 messages at issue were arguably related to illegal activity, and neither did so "in a real and tangible way." Davis, 1. The Court found that a message in which the victim asked, "Hey what's up with that G spot," an apparent reference to a gram of cocaine and a later text, "Did u get a price?" which in context could be considered drug related. Id. The remainder of the messages were logistical in nature and the Court found that their admission for "context" was impermissible because the government argued to the jury that those messages proved a buyer/seller relationship. Id.

The messages at issue in this case are distinguishable from the messages at issue in exhibits 6 and 27 because of the nature and scope of the messages.

In exhibit 6, the defendant texts Doe, "Catch up with you lil bit bro, you looking," conditionally relevant as an offer to sell drugs (to be supported by testimony from agents and witnesses regarding drug lingo), to which Doe responds, "Yeah I'll be home. Just got off work. I can only afford a half if you can stop by." Twenty minutes later the defendant responds, "Watch for me." The corroborating circumstances indicating the trustworthiness of the statement include that witnesses saw the defendant come to the victim's house right after the message and the victim died that night from acute fentanyl intoxication. Exhibit 27 is just as clearly against penal interest. The entire text exchange is the negotiation of fentanyl sales, different prices for delivery or pickup, and discussion about amounts of fentanyl by identifiable drug slang.

Because these statements were made against penal interest by declarants who are unavailable to testify at trial and because the circumstances indicate the trustworthiness of these statements, they are admissible as substantive evidence.

DATED this 17th day of September 2024.

JESSE A. LASLOVICH
United States Attorney

/s/ Kalah A. Paisley
KALAH A. PAISLEY
Assistant U.S. Attorney