**INSTRUCTION NO. 1**

Members of the jury, you have heard all the evidence. The evidence record is closed. Additional evidence will not be presented, and it is now my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them, and not single out some and ignore others. The order in which the instructions are given is of no significance. All of the instructions are equally important. You must not read into these instructions or into anything the Court may have said or done any suggestion as to what verdict you should return; that is a matter entirely up to you.

**INSTRUCTION NO. 2**

Do not decide the case based on "implicit biases." As we discussed during jury selection, everyone, including me, has feelings, assumptions, perceptions, fears, and stereotypes, that is, "implicit biases," that we may not be aware of. These hidden thoughts can impact what we see and hear, how we remember what we see and hear, and how we make important decisions.

Because you are making very important decisions in this case, I strongly encourage you to evaluate the evidence carefully and to resist jumping to conclusions based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.

The law demands that you return a just verdict, based solely on the evidence, your individual evaluation of that evidence, your reason and common sense, and these instructions. Our system of justice is counting on you to render a fair decision based on the evidence, not on biases.

## INSTRUCTION NO. 3

The evidence you are to consider in deciding what the facts are consists of:

1. The sworn testimony of any witness;

2. The exhibits that have been received in evidence; and

3. Any facts to which the parties have agreed.

## INSTRUCTION NO. 4

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence, and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and have said at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of the facts controls.
2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.
3. Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**INSTRUCTION NO. 5**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## INSTRUCTION NO. 6

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. The witness's opportunity and ability to see or hear or know the things to which the witness testified;

2. The witness's memory;

3. The witness's manner while testifying;

4. The witness's interest in the outcome of the case, if any;

5. The witness's bias or prejudice, if any;

6. Whether other evidence contradicted the witness's testimony;

7. The reasonableness of the witness's testimony in light of all the evidence; and

8. Any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may

consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

## INSTRUCTION NO. 7

You are here only to determine whether the Defendant is guilty or not guilty of the charges in the Indictment. The Defendant is not on trial for any conduct or offense not charged in the Indictment.

## INSTRUCTION NO. 8

The Indictment is not evidence. The Defendant has pleaded not guilty to the charges. The Defendant is presumed to be innocent unless and until the Government proves the Defendant guilty beyond a reasonable doubt. In addition, the Defendant does not have to testify or present any evidence. The Defendant does not have to prove innocence; the Government has the burden of proving every element of the charges beyond a reasonable doubt.

## INSTRUCTION NO. 9

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the Defendant is guilty. The Government is not required to prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from a lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the Defendant is guilty, it is your duty to find the Defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the Defendant is guilty, it is your duty to find the Defendant guilty.

**INSTRUCTION NO. 10**

Count 1 of the Indictment charges that on or about November 18, 2022, at or near Browning, in Glacier County, in the State and District of Montana, and within the exterior boundaries of the Blackfeet Indian Reservation, being Indian Country, the Defendant, DOUGLAS DARREN MALATARE, knowingly and intentionally distributed a substance containing a detectable amount of N-Phenyl-N-[l-(2-phenylethyl)-4-piperdinyl]propenamide, also known as fentanyl, a Schedule II controlled substance, and the distribution of said fentanyl caused the death of John Doe, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

## INSTRUCTION NO. 11

Section 841(a)(1) of Title 21 of the United States Code provides:

> [I]t shall be unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance[.]

## INSTRUCTION NO. 12

The Defendant is charged in Count 1 of the Indictment with distribution of fentanyl resulting in death, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). For the Defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

**First**, the Defendant knowingly distributed fentanyl; and

**Second**, the Defendant knew that it was fentanyl or some other federally controlled substance; and

**Third**, if you find that the Defendant is guilty of distributing fentanyl, then you must determine whether the fentanyl distributed to John Doe by the Defendant caused John Doe's death. To find that the fentanyl caused John Doe's death, you must find unanimously and beyond a reasonable doubt that John Doe would not have died but for John Doe's use of the fentanyl that the Defendant distributed to John Doe.

Distributing means delivering or transferring possession of fentanyl to another person, with or without any financial interest in that transaction.

The Government is not required to prove the amount or quantity of fentanyl that the Defendant distributed. The Government need only prove beyond a reasonable doubt that there was a measurable or detectable amount of fentanyl.

The Government does not have the burden of establishing that the Defendant intended that death result from the use of fentanyl. Nor does the Government have the burden of establishing that the Defendant knew, or should have known, that

death would result from the use of the fentanyl that the Defendant distributed to John Doe.

**INSTRUCTION NO. 13**

Count 2 of the Indictment charges that on or about and between September 2022 and December 2022, at Browning and East Glacier, in Glacier County, in the State and District of Montana, and within the exterior boundaries of the Blackfeet Indian Reservation, and elsewhere, the Defendant, DOUGLAS DARREN MALATARE, knowingly possessed with intent to distribute, 40 grams or more of a substance containing a detectable amount of N-Phenyl-N-[1-(2-phenylethyl)-4-piperdinyl]propenamide, also known as fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1).

**INSTRUCTION NO. 14**

The Defendant is charged in Count 2 of the Indictment with possession of fentanyl with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). For the Defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

**First**, the Defendant knowingly possessed fentanyl; and

**Second**, the Defendant possessed it with the intent to distribute it to another person.

It does not matter whether the Defendant knew that the substance was fentanyl. It is sufficient that the Defendant knew that it was some kind of a federally controlled substance.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of fentanyl to another person, with or without any financial interest in the transaction.

**INSTRUCTION NO. 15**

If you find the Defendant guilty of the charge in Count 2 of the Indictment, you are then to determine whether the Government proved beyond a reasonable doubt that the amount of fentanyl that the Defendant intended to distribute equaled or exceeded 40 grams. Your determination of weight must not include the weight of any packaging material. Your decision as to weight must be unanimous.

The Government does not have to prove that the Defendant knew the quantity of fentanyl.

**INSTRUCTION NO. 16**

A separate crime is charged against the Defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

## INSTRUCTION NO. 17

An act is done knowingly if the Defendant is aware of the act and does not act through ignorance, mistake, or accident. The Government is not required to prove that the Defendant knew that his acts or omissions were unlawful. You may consider evidence of the Defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the Defendant acted knowingly.

## INSTRUCTION NO. 18

A Defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the Defendant did not testify.

## INSTRUCTION NO. 19

You have heard testimony from Gavin Lawson, Scott Schlueter, and Aldo Fusaro who testified about their opinions and the reasons for those opinions. This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and you may give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

**INSTRUCTION NO. 20**

A person has possession of something if the person knows of its presence and has physical control of it or knows of its presence and has the power and intention to control it.

More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

# INSTRUCTION NO. 21

The Indictment charges that the offenses alleged were committed "on or about" a certain date.

Although it is necessary for the Government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged in the Indictment, it is not necessary for the Government to prove that the offenses were committed precisely on the date charged.

## INSTRUCTION NO. 22

The parties have stipulated and agreed to certain facts that are stated below. These facts are now conclusively established.

1. On December 21, 2022, FBI Special Agent Alex Prostko collected two items of drug evidence from the Blackfeet Law Enforcement Service's evidence room and transferred them to the FBI's evidence room:

- Evidence Item #1 was a quantity of multicolored pills;
- Evidence Item #3 was a quantity of blue and white pills.

2. On March 3, 2023, an FBI evidence technician packaged the evidence items in accordance with agency procedures and sent them to the Drug Enforcement Administration ("DEA") Western Laboratory, located in Pleasanton, California, for forensic testing. In this process, the following name changes took place:

- Evidence Item #1 (multicolored pills) became Exhibit 1B1; and
- Evidence Item #3 (blue and white pills) became Exhibit 1B3.

3. The DEA Laboratory received Exhibits 1B1 and 1B3 on March 10, 2023.

4. On August 8, 2023, DEA Special Agent Matthew McIntyre collected one item of drug evidence from the Bureau of Indian Affairs ("BIA") that was originally

placed into evidence by BIA Special Agent Kyle Sinclair. That item was referred to as BIA Exhibit 1.

5. BIA Exhibit 1 was listed as a white/blue/green powder/chunks from an unknown crushed pill.

6. On August 11, 2023, Special Agent McIntyre packaged BIA Exhibit 1 in accordance with agency procedures and sent the evidence to the DEA Western Laboratory, located in Pleasanton, California, for forensic testing.

7. The DEA laboratory received BIA Exhibit 1 on August 15, 2023.

**Drug Testing**

8. Jarrett J. Farias is a forensic chemist employed by the DEA Western Laboratory charged with analyzing evidence for the presence or absence of controlled substances.

9. Shana M. Irby is a senior forensic chemist employed by the DEA Western Laboratory charged with analyzing evidence of the presence or absence of controlled substances.

10. Radhiyah Himawan is a senior forensic chemist employed by the DEA Western Laboratory charged with analyzing evidence of the presence or absence of controlled substances.

Exhibit 1B1 (multicolored pills):

11. Jarrett J. Farias tested Exhibit 1B1 using various tests at the lab. On April 14, 2023, Farias issued a report which discussed the testing techniques used as well as findings from those tests. Farias's report shows the following:

- Exhibit 1B1 was 476 multi-colored pills (pink, orange, purple, green, and yellow) in a plastic bag;
- A random sampling of 9 of the pills were tested from this exhibit;
- Testing identified the substance N-Phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]propenamide, commonly known as Fentanyl, in the pills tested; and
- The net weight of the fentanyl identified was 52.574 grams, +/- 0.003 grams;

Exhibit 1B3 (blue and white pills):

12. On April 6, 2023, Shana Irby tested Exhibit 1B3 using various tests at the lab. On April 6, 2023, Irby issued a report which discussed the techniques used as well as findings from those tests. Irby's report shows the following:

- Exhibit 1B3 was 173 blue and white pills in a plastic bag;
- A random sampling of 9 of the pills were tested from this exhibit;

- Testing identified the substance N-Phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]propenamide, commonly known as Fentanyl, in the pills tested; and
- The net weight of the fentanyl identified was 18.2 grams, +/- 0.2 grams;

<u>BIA Exhibit 1</u>

13. On August 22, 2023, Radhiyah Himawan tested BIA Exhibit 1 using various tests at the lab. On August 23, Himawan issued a report which discussed the techniques used as well as findings from those tests. Himawan's report shows the following:

- BIA Exhibit 1 was residue from a crushed substance; and
- Testing identified the substance N-Phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]propenamide, commonly known as Fentanyl, in the residue.

14. N-Phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]propenamide, commonly known as Fentanyl, is a Schedule II controlled substance.

## INSTRUCTION NO. 23

I have decided to accept as proved the fact that fentanyl is a Scheduled II controlled substance, even though no evidence was presented on this point, because this fact is of such common knowledge. You may accept this fact as true, but you are not required to do so.

# INSTRUCTION NO. 24

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion,

or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

**INSTRUCTION NO. 25**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the Court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the Court immediately.

**INSTRUCTION NO. 26**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

## INSTRUCTION NO. 27

The punishment provided by law for this crime is for the Court to decide. You may not consider punishment in deciding whether the Government has proved its case against the Defendant beyond a reasonable doubt.

## INSTRUCTION NO. 28

A verdict form has been prepared for you.

After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

## INSTRUCTION NO. 29

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the Defendant, until after you have reached a unanimous verdict or have been discharged.