**KALAH A. PAISLEY**
**JEFFREY K. STARNES**
**Assistant U.S. Attorneys**
**U.S. Attorney's Office**
**P.O. Box 3447**
**Great Falls, MT 59403**
**119 First Ave. North, #300**
**Great Falls, MT 59401**
**Phone: (406) 761-7715**
**FAX: (406) 453-9973**
**Email: kalah.paisley@usdoj.gov**
**jeff.starnes@usdoj.gov**

**ATTORNEYS FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**DOUGLAS DARREN MALATARE,**<br><br>**Defendant.** | **CR 23-80-GF-BMM**<br><br><br>**GOVERNMENT'S RESPONSE TO DEFENDANT'S RULE 33 MOTION FOR NEW TRIAL** |

## INTRODUCTION

In August 2023, a grand jury indicted the defendant, Douglas Darren Malatare, with one count of delivery of fentanyl resulting in death, and one count

of possession of a controlled substance with intent to deliver. Doc. 2. The matter proceeded to a jury trial in September 2024, and the jury convicted the defendant on both counts. Doc. 79.

Malatare filed a motion for a new trial under Fed. R. Crim. P. 33 premised only on his ongoing objection to the admission of certain text messages at trial. This is the improper vehicle to re-litigate an evidentiary ruling the defendant raised and the Court ruled on at trial. The Court heard argument, read briefing, and heard foundational testimony at trial about these text messages. Nothing has changed since trial. The defendant's objection is properly preserved for appeal, the correct avenue for raising this issue, but his continued disagreement with this Court's ruling is not the proper basis of a motion for a new trial.

The Court should deny this motion.

## EVIDENTIARY RULING

For the first time at trial, the defendant challenged the admissibility of text messages between the deceased victim and the defendant. After initial arguments during the final pre-trial conference, this Court ordered briefing. Docs. 73 and 74. The government modified the exhibit and argued that two messages were admissible under Fed. R. Evid. 804(b)(3) because the text messages were against

the decedent's penal interest because they showed him arranging for the purchase of controlled substances.

Fed. Rule of Evid. 804(b)(3) provides that a statement against the declarant's proprietary or pecuniary interest or had so great a tendency to expose the declarant to criminal liability. To get a statement against penal interest into evidence under 804(b)(3), the government must show that: (1) the declarant is unavailable as a witness; (2) the statement so far tended to subject the declarant to criminal liability that a reasonable person in the declarant's position would not have made the statement unless he believed it to be true; and (3) corroborating circumstances clearly indicate the trustworthiness of the statement. *United States v. Paguio*, 114 F.3d 928, 932 (9th Cir. 1997). The declarant's statements must, in a real and tangible way, subject him to criminal liability. *United States v. Hoyos*, 573 F,2d 1111, 1115 (9th Cir. 1978).

After further argument, this Court provisionally admitted the text messages, provided the government laid the proper foundation to show that the victim's statements were against penal interest, specifically that these statements were indicative of a contract to purchase illegal drugs. The government laid the required foundation through law enforcement witnesses and a lay witness, a former fentanyl user in the community who described for the jury how such deals were arranged,

including the specific language used in the proffered text messages. The Court ruled that the limited messages were admissible, finding that the deceased statements were against penal interest and that it, "exemplifies a drug transaction being consummated." Trial Transcript, Vol. 3, p. 176 and 177. The defendant maintained their objection and preserved it for appeal.

## ARGUMENT

A defendant may request a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33. When based on the proper legal standard, a decision to grant or deny a new trial is within the "sound discretion of the trial court." *United States v. Powell*, 932 F.2d 1337, 1340 (9th Cir. 1991). Notably, "[a] motion for a new trial is not viewed with favor and should be granted with great caution." *United States v. Miller*, 987 F.2d 1462, 1466 (10th Cir. 1993); *United States v. Goodwin*, 770 F.2d 631, 639 (7th Cir. 1985) (explaining appeal of a district court's denial of a new trial is "even more difficult").

The Ninth Circuit has emphasized that a motion for a new trial, "should be granted only in exceptional cases in which the evidence preponderates heavily against the verdict." *United States v. Rush*, 749 F.2d 1369, 1371 (9th Cir. 1984) (internal quotation omitted). A motion for a new trial under Rule 33 allows the district court to weigh the evidence and in so doing evaluate for itself the

credibility of the witnesses, and if the court concludes that the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside a verdict, grant a new trial, and submit the issues to determination by another jury. See *United States v. A. Lanoy Alston*, 974 F.2d 1206, 1211-12 (9th Cir. 1992) (internal citations omitted).

Here, the district court made its evidentiary ruling after briefing and argument. The Court allowed both sides to flesh out the issues and make arguments regarding the admissibility under the applicable rule. The Court required the government to lay foundation for the admissibility of the text messages under the hearsay exception at issue and heard the testimony from the witnesses explaining how the drug trade was transacted in the community at the time of the messages, including specific language that was used by the victim in the two text messages.

It was after experiencing this tenor of the testimony at trial, that the Court ruled on its admissibility. In so ruling, this Court outlined the evidence supporting their admission under the hearsay exception and distinguished the case law raised by the defendant. The defendant maintained his objection, preserving it for appeal. Simply put, this is not a miscarriage of justice, but the general practice of a federal trial court.

## CONCLUSION

The text messages were a small, albeit key, piece of evidence in a much larger trial with many witnesses and exhibits. The district court heard the testimony, observed the witnesses' demeanor while testifying, and was able to determine that the two text messages were against the victim's penal interest that a reasonable person would not have made it unless he believed it to be true, and therefore admitted the messages. This evidence preponderates heavily in favor of the guilty verdict, that the defendant in fact delivered the requested fentanyl to the victim who consumed it and died, not against it.

Rule 33 exists so that a district court has authority to rectify a serious miscarriage of justice – not to continue to challenge an evidentiary decision left to the sound discretion of the court. That perceived issue is properly left for appeal.

This motion should be denied.

DATED this 18th day of November 2024.

JESSE A. LASLOVICH
United States Attorney

/s/ Kalah A. Paisley
KALAH A. PAISLEY
Assistant U.S. Attorney