ELIZABETH T. MUSICK
Musick Law Firm, PLLC
P.O. Box 726
Bozeman, MT 59771
elizabeth@mtlawpllc.com
Telephone: (406)579-9481

PAUL GALLARDO
Flaherty Gallardo Lawyers
1026 1ST Ave. S.,
P.O. Box 1968
Great Falls, Montana 59403
Telephone: (406) 727-8494
Facsimile: (406) 727-8537
paul@greatfallsfirm.com

Co-Counsel for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

********

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>DOUGLAS DARREN MALATARE,<br><br>Defendant. | Cause No. CR-23-80-GF-BMM<br><br>**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION FOR NEW TRIAL UNDER FED. R. CRIM. P. 33** |

COMES NOW, the Defendant, DOUGLAS DARREN MALATARE, by and through his attorneys of record, Elizabeth T. Musick and Paul Gallardo, and

respectfully submits this Reply Brief in support of his Motion for a New Trial Under Fed. R. Crim. P. 33.

**REPLY BRIEF**

The Government argues that Mr. Malatare's Motion for a New Trial is not properly before this Court because it challenges an evidentiary ruling made by the District Court at trial, and that the proper avenue for raising this issue is an appeal to the Ninth Circuit Court of Appeals. The Government further argues that "[a] motion for a new trial is not viewed with favor," and cites Seventh and Tenth Circuit precedent that stands for that proposition. However, the line of cases relied upon by the Government are cases in which the Defendants sought a new trial on the basis of newly discovered evidence, rather than in the interests of justice, as Mr. Malatare does here. Mr. Malatare respectfully disagrees with the Government's arguments and urges the Court to consider the merits of his Motion and grant him the requested relief – a new trial.

A district court's power to grant a motion for a new trial is much broader than its power to grant a motion for judgment of acquittal. See Charles Alan Wright, *Federal Practice and Procedure*, § 553 at 245 (1982). "The District Court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses." *United*

*States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980). "If the Court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." *Id.*

Thus, it is well within the power of the District Court to grant Mr. Malatare a new trial, which is precisely why Rule 33 of the Federal Rules of Criminal Procedure exists. In a case like Mr. Malatare's, where an error in the admission of evidence at trial led directly to his conviction on Count 1 of the Indictment, in order to avoid a serious miscarriage of justice, the remedy is for the District Court is to grant him a new trial.

Here, the hearsay statements of S.W. that were admitted over Mr. Malatare's objection were crucial to the jury reaching a guilty verdict in Count 1. The Government acknowledges the importance of the hearsay statements when they note in their Response, and as they argued heavily at trial, "[t]he text messages were a small, albeit key, piece of evidence in a much longer trial with many witnesses and exhibits." Gov't. Response, p. 6 (emphasis added).

In determining whether it was error to admit the hearsay statements of S.W. at trial, the Court may weigh the evidence and evaluate the credibility of witnesses

regarding that testimony. The testimony presented by the Government regarding the foundation for the hearsay statements consisted of two witnesses: Jaynell Davis, former drug addict, and Katherine Donohue, Special Agent of the FBI. Davis' testimony purportedly established that the hearsay statements were indicative of a contract to purchase illegal drugs. Donohue's testimony, on the other hand, was that the text message exchange between Mr. Malatare and S.W. would not subject either to declarant to criminal liability. If the Court finds the testimony of Special Agent Donohue to be credible, then it was error to admit the hearsay statements of S.W. over Mr. Malatare's objection.

## CONCLUSION

For these reasons, the Court erred when it allowed the admission of Government's Exhibit 30 at trial, and in order to avoid a serious miscarriage of justice, the Court should grant Mr. Malatare a new trial under Fed. R. Crim. P. 33.

DATED this 25th day of November, 2024.

DOUGLAS DARREN MALATARE

By: /s/ Elizabeth T. Musick
ELIZABETH T. MUSICK
*Counsel for Defendant*

By: /s/ Paul Gallardo
Paul Gallardo
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2024, a copy of the foregoing document was serviced on the following persons by the following means:

1, 2 ______ CM-ECF
__________ Hand Delivery
3 ________ Mail
__________ Overnight Delivery Service
__________ Fax
__________ E-Mail

1. CLERK, UNITED STATES DISTRICT COURT

2. JEFFREY K. STARNES/KALAH PAISLEY
Assistant U.S. Attorney
*Counsel for Plaintiff*

3. DOUGLAS DARREN MALATARE
c/o Elizabeth T. Musick
*Defendant*

/s/ Elizabeth T. Musick
ELIZABETH T. MUSICK